IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 3:20-08** |
| | ) | |
| MICHAEL SCHRECENGOST | ) | |

### Memorandum Opinion and Order

Presently before the Court is Defendant Michael Schrecengost's Motion for Early Termination of Supervised Release, pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 1000. The government has filed a response opposing the motion, and the Motion is ripe. ECF No. 1002.

### I.    Applicable Law

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e). A court may "terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release," if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).

In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with

---

[1] The select factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2)(B) the need to afford adequate deterrence to criminal conduct, (2)(C) to protect the public from further crimes of the defendant, (2)(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 4(B) the applicable guidelines or policy statements issued by the Sentencing Commission, (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence

respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

The United States Sentencing Guidelines § 5D1.4(b), in accord with 18 U.S.C. § 3583(e)(1), state that a court may terminate a defendant's remaining term of supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision." § 5D1.4(b). The Guidelines recommend that the determination should be made, "following consultation with the government and the probation officer." § 5D1.4(b). Amendment 835 to the United States Sentencing Guidelines, effective November 1, 2025, added the following guidance to courts reviewing early termination motions:

(B) <u>Early Termination</u>. — When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:

(i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

(iii) the defendant's substantial compliance with all conditions of supervision;

(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the

---

disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment. n.1(B).

Finally, although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53. Despite this "general rule," the Court has the discretion to terminate supervision early even in the absence of new circumstances. *Id.*

## II.    Discussion

On November 3, 2021, Mr. Schrecengost pleaded guilty to a lesser included offense of conspiracy to distribute and to possess with intent to distribute 28 kilograms or more of cocaine base and 40 grams or more of fentanyl. ECF No. 537, 538. His calculated guideline sentence range was 77 to 96 months' imprisonment. The Honorable Judge Kim R. Gibson imposed a sentence of 77 months' imprisonment, to be followed by four years of supervised release. ECF No. 648. On December 14, 2022, Mr. Schrencengost's sentence was reduced from 77 months to 30 months. Mr. Schrecengost began his four-year term of supervised release on March 15, 2024.

Mr. Schrecengost argues that early termination of his supervised release is warranted for several reasons. Mr. Schrecengost has been fully compliant with the terms and conditions of his supervision for the two years he has been monitored. His Probation Officer confirms that Mr. Schrecengost has been complaint with the terms of his supervised release, stating,

3

"Mike has done well on supervision and has had no non-compliance issues during his time with us." ECF No. 1000, at 1-1. He also stated that the Probation Office has no objection to early termination of supervised release. *Id.*

With respect to his compliance with substance abuse conditions, he has participated in treatment services offered to him by probation and has not had any positive drug tests. This is important because Mr. Schrecengost has suffered from drug addiction since he was a teenager. Significantly, at the time of his sentencing, he had been drug-free for two years and he has remained drug-free throughout his term of supervision.

As to his employment, Mr. Schrecengost obtained employment within three days of beginning his term of supervised release. This was a fulltime position with MPW Industrial Service, which ended in February 2025, when he began working for Tige Excavation Construction. He was laid off from that position in the winter, because the work was weather dependent. On February 9, 2026, he began working as a boiler inspector with Diamond Technical Services, a position he currently holds.

Mr. Schrecengost appears to be committed to a law-abiding life. In support of his request for early termination of supervision, he points to the fact that he wants to take a significant step in establishing long-term employment with his current employer, Diamond Technical Services. The position requires significant and frequent travel out of state, typically upon short notice. When Mr. Schrecengost's employer has a job that requires out-of-state travel, the employer sends requests to an employee, like Ms. Schrecengost, who must accept the position within a limited time frame. If Mr. Schrecengost wants to take the job, he must obtain prior approval from his Probation Officer, which requires that he provide his Probation

4

Officer with dates, duration, and the specific location he is traveling to. The time it takes to obtain permission to travel, may delay his ability to timely accept a job, which may result in the job being offered to another employee. He submits that such circumstances have the potential to jeopardize his continued employment with Diamond Technical Services.

The government opposes early termination of supervision. The government acknowledges Mr. Schrecengost's positive track record of compliance under supervision and his gainful employment. The government states that Mr. Schrecengost's reasons for seeking early termination present "a compelling argument for modification of the conditions of his supervised release so that he can effectively pursue his job opportunities," but such reasons, the government argues, do not support early termination of his term of supervised release. ECF No. 1002, at ¶ 8. The government focuses on Mr. Schrecengost's long criminal history, his history of violating state parole, and his history of drug use, to argue that continued supervision is warranted. In analyzing the above-cited § 5D1.4 factors, the government concedes that the first three factors, weigh in favor of termination, the fourth factor weighs in favor of termination, but is not dispositive, there is no information as to the fifth factor, and the sixth factor weighs against termination. The sixth factor considers public safety, the nature of the offense, criminal history, record while incarcerated, and efforts to reintegrate. The government's analysis of this factor leads to a "close call" that the sixth factor "weighs slightly against early termination." ECF No. 1002, at ¶ 18.

The Court's standard for evaluating whether early termination is warranted is broad: the court is to determine whether it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Schrecengost

has been totally compliant with the terms of his supervision; however, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases. Mr. Schrecengost's performance on supervision is, however, excellent. Mr. Schrecengost has also provided evidence that the terms of his supervision, specifically the requirement that he obtain Probation Office approval before interstate travel, are presently inappropriately cumbersome to permit him to operate, and remain, in his chosen field.

Mr. Schrecengost's offense of conviction is serious. He was a member of a nineteen-person drug conspiracy that involved large scale drug distribution of several controlled substances. Mr. Schrecengost's offense of conviction involved crack cocaine and fentanyl. Other members, of the conspiracy, but not Mr. Schrecengost were charged with money laundering and illegal firearm possession, indicating the extent of the criminal enterprise and danger to the community it presented. Mr. Schrecengost does have a long criminal history, but as noted by the government, the offenses are largely for "relatively low-level offenses." ECF No. 1002, at ¶ 8. Finally, the government takes note of Mr. Schrecengost's history of drug use.

Following review of Mr. Schrecengost's Motion and Brief, the government's response, the Probation Officer's position, all relevant filings from Mr. Schrecengost's criminal case, and Mr. Schrecengost's conduct while on supervision, the Court concludes that early termination of Mr. Schrecengost's supervised release is warranted. Mr. Schrecengost has been gainfully employed throughout his term of supervision, he has performed well under supervision throughout his term, and he has complied with all conditions of supervision. Specifically, Mr. Schrecengost was an active drug user when arrested on this case, and he was

able to become drug free before he was released from prison. He continued to remain drug-free for over four years. After considering an individualized assessment, reviewing the factors to be considered for early termination of supervised release, as set forth in 18 U.S.C. § 3583(e)(1), the relevant factors set forth in 18 U.S.C. § 3553(a), and the factors set forth in U.S.S.G. § 5D1.4, comment. n.1(B), the Court concludes that it is in the interest of justice to terminate Mr. Schrecengost's supervised release at this time.

### III.    Conclusion

After considering an individualized assessment, and after reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), the relevant factors set forth in 18 U.S.C. § 3553(a), and the factors set forth in § 5D1.4, comment. n.1(B), the Court finds that it is in the interest of justice to terminate Mr. Schrecengost's supervised release at this time.

Accordingly, the following Order is hereby entered.

### ORDER

AND NOW, this 9th day of July 2026, it is hereby ORDERED, that Michael Schrecengost's Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. § 3583(e)(1), ECF No. 1000, is GRANTED.

IT IS FURTHER ORDERED, that Michael Schrecengost's term of supervised release is terminated.

_s/Marilyn J. Horan_
Marilyn J. Horan
United States District Court Judge

7